{¶ 30} I agree with the majority opinion that there was sufficient evidence to support the judgment of conviction in this case. However, because I do not agree that the trial court gave "an incorrect amount of deference to the findings of the magistrate," I respectfully dissent from the remainder of the majority opinion.
 {¶ 31} First, the trial court identified the correct standard in ruling on the objections to the magistrate's decision. The trial court stated that it "must undertake the equivalent of a de novo determination in light of any filed objections, when independently assessing *Page 8 
the facts and conclusions contained in the magistrate's decision." Contrary to the conclusion reached in the majority opinion, I see no indication that the trial court failed to apply this standard in overruling appellant's objections.
 {¶ 32} Second, the majority opinion quotes the following language from the trial court's decision that allegedly indicates that the trial court failed to independently weigh the evidence in overruling appellant's objections:
 The juvenile argues that the Magistrate's Decision is against the manifest weight of the evidence and there is insufficient evidence to support the Decision. The Court, in reviewing a Decision based on a claim of insufficient evidence, applies the test of "viewing the evidence in a light most favorable to the prosecution, any rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See State v. Glass (1994), Ohio App. LEXIS 2475 (June 7, 1994), Franklin App. No. 93APA10-1471, unreported (1994 Opinions 2524, 2529). The Franklin County Court of Appeals also stated that a "judgment of conviction will not be reversed on the grounds of insufficient evidence where there is substantial evidence which, if believed would convince the average mind of defendant's guilt beyond a reasonable doubt."
 {¶ 33} I read the trial court's decision differently. Nothing in the quoted portion of the trial court's decision suggests that the trial court gave any deference to the magistrate's factual findings. Later in its decision, the trial court identified and discussed the evidence it felt was significant. By all indications, the trial court independently assessed the evidence contained in the trial transcript and concluded that appellant was guilty beyond a reasonable doubt.
 {¶ 34} I also note that the appellant objected, in part, to the magistrate's decision on the grounds that the evidence was insufficient to support the judgment. Such a *Page 9 
challenge involves a question of law. The trial court simply attempted to address the argument appellant raised. It appears the trial court treated appellant's sufficiency of the evidence objection like a motion for acquittal under Crim. R. 29. A challenge under Crim. R. 29 challenges the sufficiency of the evidence to sustain a conviction. It involves the identical question of law that a reviewing court addresses when an appeal challenges the sufficiency of the evidence. State v. Cody, Franklin App. No. 07AP-142, 2007-Ohio-6776.
 {¶ 35} I would find that the trial court applied the correct legal standard in ruling on appellant's objections to the magistrate's decision. I would also find that the trial court's decision was not against the manifest weight of the evidence. Therefore, I would overrule appellant's assignments of error in their entirety and affirm the judgment of the trial court in all respects. Because the majority opinion reaches a different conclusion, I respectfully concur in part and dissent in part. *Page 1